FILED
August 18, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002863155

3
JAN P. JOHNSON
Standing Chapter 13 Trustee
Kristen A. Koo, State Bar #230856
P. O. Box 1708
Sacramento, California 95812-1708
(916) 492-8001
pobox1708@jpj13trustee.com

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| IN RE: | Case No: 10-34754-B-13J |
| | DC No.: JPJ-01 |
| RICHARD CRABTREE, | **TRUSTEE'S OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN AND CONDITIONAL MOTION TO DISMISS CASE** |
| POLLY CRABTREE, | |
| | DATE: SEPTEMBER 7, 2010 |
| | TIME: 9:32 A.M. |
| Debtor(s) | COURTROOM: 32 |

JAN P. JOHNSON, CHAPTER 13 TRUSTEE, objects to confirmation of the Debtor(s) Plan and does not recommend its confirmation as:

1. The debtor failed to appear at the duly noticed First Meeting of Creditors held on August 12, 2010 as required pursuant to 11 U.S.C. §343.

2. The debtor owns and operates a business. In connection with this business, the trustee requested copies of certain items including, but not limited to, income tax returns, bank account statements, proof of all required insurance and proof of required licenses and/or permits. To date, the debtor has failed to provide these items to the trustee. The trustee is unable to

1

determine if the business is solvent and necessary for the reorganization. The debtor has failed to comply with 11 U.S.C. §521.

3. According to Schedule E, debtor owes priority debts to Internal Revenue Service and Franchise Tax Board in the amounts of $20,000, $82,624, $89,726 and $34,779. The plan filed on June 4, 2010 fails to provide treatment for these creditors' priority debts. The plan fails to comply with 11 U.S.C. §1322(a)(2).

4. The debtor is attempting to retain real property located at 14011 Pineland Circle, Magalia, CA valued on Schedule D at $80,000 and a debt owing against it in the amount of $91,000 to Joan Teats. Debtor's Schedule I shows that the debtor isn't receiving any rental income for this property and Schedule J lists a monthly payment of $800 for this property so the property is operating at a loss. The debtor is keeping this property at the expense of the unsecured creditors. The debtor has failed to substantiate that this property is reasonable and necessary pursuant to 11 U.S.C. §707(b)(2)(A)(ii)(I).

5. The Statement of Current Monthly Income ("Form 22") includes an impermissible expense at line 3b for ordinary and necessary business expenses of $21,097. Debtor must deduct business expenses from current monthly income rather than gross receipts. <u>Drummond v. Wiegand (In re Wiegand)</u>, 386 B.R. 238 (B.A.P. 9th Cir. 2008). Debtor's correct annualized current monthly income is $326,645.28 which is greater than the applicable median family income for a household size of 5 of $86,694. In order to determine if the Chapter 13 plan filed on June 4, 2010 complies with 11 U.S.C. §1325(b)(1)(B), debtor must complete Form 22 in its entirety.

WHEREFORE the movant prays that the Court enter an order denying confirmation of the debtor's Plan, and an order dismissing the case unless on or before September 21, 2010 the

Debtor files a new plan and all necessary and related motions, including without limitation motions to value collateral and motions to avoid liens, properly serves the new plan and the motion(s), and sets the motion(s) for hearing on the next available chapter 13 calendar that provides proper notice for all of the motions to be heard on the same calendar.

Dated: AUGUST 18, 2010  /s/ Kristen A. Koo
KRISTEN A. KOO, Attorney for Trustee

**In re: 10-34754/Crabtree**